UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:07-CV-139-H

TRES JEANEE, INC.                                                   PLAINTIFF

V.

BROLIN RETAIL SYSTEMS MIDWEST, INC., and          DEFENDANT
MICROS SYSTEMS, INC.

**MEMORANDUM OPINION AND ORDER**

        Plaintiff Tres Jeanee, Inc., f/d/b/a Oscar Brown's South Beach Station ("Tres Jeanee") brought an action against Defendants Brolin Retail Systems Midwest, Inc. ("Brolin"), and Micros Systems, Inc. ("Micros"), alleging claims arising out of Tres Jeanee's purchase of a restaurant computer system from Brolin. Both Micros and Brolin moved to compel arbitration of all claims pursuant to an agreement entered into by Brolin and Tres Jeanee. Tres Jeanee consented to arbitration with Brolin, but in a Memorandum Opinion dated July 17, 2007, the Court held that Micros could not compel Tres Jeanee to arbitrate its claims against Micros.

        Micros has now moved to compel arbitration once again, this time arguing that the terms of its own software End User License Agreement ("Agreement") require it. The answer is by no means obvious and no resolution satisfies every notion of fairness and convenience. For the reasons that follow, the Court will deny the new motion as well.

I.

The relevant facts appeared in the Court's previous opinion, making only a brief summary necessary here. In or around December 2003, Tres Jeanee contracted with Brolin for the purchase, installation, and service of a retail computer system for use in its restaurant, Oscar Brown's South Beach Station. The system was comprised of a Micros 3700 PC server, hardware, and software, all of which was manufactured by Micros. The software provided by Micros contained within it the Agreement, which appeared on screen when the user first installed the programming. The user must consent to the agreement before installing.

Tres Jeanee alleges that the entire system failed to function properly from the date of its installation until the system was removed in 2006 and has sued Micros for breach of express warranty and breach of the implied warranty of merchantibility.

II.

As a threshold matter, the Court must determine whether the Agreement created a contract between Micros and Tres Jeanee. As the Supreme Court of the United States has noted, "[w]hen deciding whether the parties agreed to arbitrate a certain matter...courts generally...should apply ordinary state-law principles that govern the formation of contracts." *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995) (internal citations omitted). Therefore, as this Court noted in its prior opinion, "state law governs questions concerning the validity, revocability, or enforceability of contracts generally." *Tres Jeanee v. Brolin Retail Sys. Midwest, Inc.*, 2007 WL 2071776, at *1 (W.D. Ky., July 17, 2007).

The Agreement is a so-called "clickwrap" agreement, which appears onscreen and to which the user must consent by clicking on a box on the screen before he is allowed to continue

installation. *Davidson & Assocs. v. Internet Gateway*, 334 F. Supp. 2d 1164, 1176-78 (E.D. Mo. 2004). Though this Court finds no Kentucky case discussing the issue, a survey of cases from other jurisdictions suggests that clickwrap agreements requiring the user to assent to their terms are generally upheld in the face of allegations of insufficient notice of terms. *See, e.g.*, *Davidson*, 334 F. Supp. 2d 1164; *Register.com, Inc. v. Verio, Inc.*, 126 F. Supp. 2d 238 (S.D.N.Y. 2000); *Moore v. Microsoft Corp.*, 741 N.Y.S.2d 91 (N.Y. App. Div. 2002); *Barnett v. Network Solutions, Inc.*, 38 S.W.3d 200 (Tex. App. 2001). This Court concludes that Kentucky courts likely would uphold such an agreement. Therefore, Tres Jeanee entered into and is bound by the terms of the Agreement.[1]

Any lingering concerns this Court might have regarding notice of the Agreement are alleviated by Tres Jeanee's express reference to it in the contract Tres Jeanee signed with Brolin. In paragraph 8 that contract states that "Software Terms and Conditions will be determined by the End User License agreement provided by the manufacturer of the software purchased in this Agreement." Defendant's Motion to Compel Arbitration, Exhibit 2, at ¶ 8. While this Court does not find it necessary to determine whether the End User License Agreement was validly incorporated by reference into the Brolin purchase agreement, it is sufficient to observe that the referenced notice reduces the plausibility of Tres Jeanee's assertions that it was wholly unaware of the Agreement.

---

[1] Though not raised directly by Tres Jeanee, the Court notes that there may be a question as to whether Tres Jeanee itself validly accepted the terms and conditions of the End User License Agreement by clicking the appropriate box, or whether a non-employee installer might have done so. *See* Affidavit of Edward J. Rothenburg at ¶ 4 ("This acceptance [of the clickwrap agreement]...is typically completed by the individual performing the installation service"); Affidavit of Linda Landrum at ¶¶ 11-13 (denying awareness of the existence of the End User License Agreement). However, because Tres Jeanee does not directly contest that it clicked the "accept" button, this Court will proceed under the assumption that Tres Jeanee itself did click the button.

III.

Tres Jeanee asserts that Micros has waived reliance upon the Agreement as an affirmative defense by not raising it in its first motion. Though Micros could have been more diligent, such a failure to raise the defense earlier does not necessarily preclude Micros from raising it now. *Smith v. Sushka*, 117 F.3d 965, 969 (6th Cir. 1997) (internal citations omitted) (allowing a defendant to raise an affirmative defense for the first time on his second summary judgment motion and noting that "[f]ailure to raise an affirmative defense by responsive pleading does not always result in waiver"). As the Sixth Circuit noted, the purpose of requiring a party to set forth affirmative defenses "is to give the opposing party notice of the affirmative defense and a chance to respond." *Id.*

Here Micros did not delay unreasonably in bringing this second motion to compel, nor did the delay significantly prejudice Tres Jeanee. Micros filed its second motion within three weeks of the Court's initial Memorandum Opinion, which held that Micros could not compel arbitration under the terms of the Brolin purchase agreement, and that therefore Micros would face Tres Jeanee alone in federal court. Therefore the Court finds that Micros did not waive its ability to raise the issue of the End User License Agreement by failing to do so when bringing its prior motion with Brolin.

IV.

Having found that Tres Jeanee validly entered into the Agreement with Micros, this Court must determine whether the Agreement governs Tres Jeanee's breach of warranty claims against Micros.

The Agreement governs the use of the software sold to Tres Jeanee.  By its own terms, it only compels the arbitration of claims relating to Micros's software.  See 17A C.J.S. *Contracts* § 309 ("clear and unambiguous terms or provisions of a contract are conclusive").  Tres Jeanee has brought suit alleging malfunctions in "a Micros 3700 PC server and related hardware and software," Complaint at ¶ 8.  Thus, even giving broad effect to the Agreement would not address the entirety of Tres Jeanee's claims.  *See also* Affidavit of Linda Landrum at ¶ 16 ("At present, Tres Jeanee does not have sufficient information to know whether the defects with the System were attributable exclusively to problems with the hardware, problems with the software, problems with the installation, or some combination of the foregoing").

Presumably, if the problems of which Tres Jeanee complains pertain solely to the software, Micros could wield the Agreement against Tres Jeanee.  Should discovery reveal that the system malfunctions giving rise to Tres Jeanee's complaint were confined to the category of software, Micros's claim that the Agreement dictates arbitration would be more persuasive.  Right now, however, given the many allegations and factual uncertainties, the Court cannot say that the Agreement compels Tres Jeanee to arbitrate its claims against Micros.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendant's motion to compel arbitration and stay proceedings, and in the alternative, for summary judgment, is DENIED.

cc:	Counsel of Record